**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| OATH RESEARCH, LLC, an Arizona Limited Liability Company, and STACEY JON GRANT, an Individual,<br>*Plaintiffs,*<br><br>vs.<br><br>oathresearch.com, a domain name and nominal defendant, NICENIC INTERNATIONAL GROUP CO., LIMITED, a Hong Kong corporation, VERISIGN, INC., and JOHN DOE, an entity or entities claiming ownership of domain name "oathresearch.com",<br>*Defendants*. | Civil Action No. 26-2916<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Oath Research, LLC ("Oath Research") and Stacey Jon Grant ("Grant", collectively "Plaintiffs"), by their undersigned counsel, file this complaint to recover their stolen domain name – **oathresearch.com** (also, "the Domain")– against Defendants NiceNIC International Group Co. Limited ("NiceNIC"), VeriSign, Inc. ("VeriSign"), and John Doe, an entity or entities that stole the oathresearch.com domain and directed NiceNIC to take steps to prevent Plaintiffs from controlling the oathresearch.com domain. In support of their claims, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This is an action in law and equity for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

2. Plaintiffs are the owners of a pending trademark application at the USPTO for "OATH" as well as trademark rights in numerous other "oath" related marks, including oathresearch.com. Plaintiffs benefit from the wide recognition of the valuable oathresearch.com mark and derive substantial business from the use of the mark.

3. Upon information and belief, all registrars must abide by a rule set by The Internet Corporation for Assigned Names and Numbers ("ICANN") to lock domains against further transfers for sixty (60) days after receiving a domain that has been transferred in.

4. On the morning of August 28, 2026, upon information and belief, Defendant Doe infiltrated the computer systems of the domain name registrar then holding the oathresearch.com domain, and, without Plaintiffs' authorization, hijacked domain names belonging to Oath Research and Grant, including oathresearch.com.

5. Defendant Doe then transferred the domain names, including the Domain, to a different registrar, Defendant NiceNIC.

6. Despite notice from Plaintiffs of the theft of the oathresearch.com domain, Defendant NiceNIC, upon information and belief, permitted Defendant Doe to transfer ownership and control of the oathresearch.com domain to a new server – one controlled by Defendant Doe and not by Plaintiffs. This happened within sixty days of the receipt of the Domain by NiceNIC.

7. This action seeks to redress the theft of oathresearch.com from Plaintiffs and to restore Plaintiffs to the full use of their domain as well as to allow Plaintiffs to continue the uninterrupted use of their marks, including OATH and oathresearch.

## THE PARTIES

8. Plaintiff Stacey Jon Grant is an individual residing in Arizona. Grant is the owner of Oath Research and the owner of Plaintiffs' domain name oathresearch.com, the Domain.

9. Plaintiff Oath Research is a limited liability company organized in Arizona. In turn, Oath Research has a sole member, Fancy Hat, LLC, also an Arizona LLC. Fancy Hat, LLC has two members, Stacey Jon Grant and Jared Sherwood, both Arizona residents.

10. Plaintiff Oath Research is an online marketer of chemicals for research purposes. The Domain is used to permit customers, typically universities and research organizations, to acquire research chemicals such as peptides for scientific research purposes.

11. Nominal Defendant oathresearch.com is a domain name. Plaintiffs allege that Defendant John Doe hijacked oathresearch.com and has claimed all rights to oathresearch.com. Plaintiffs seek to reclaim control over oathresearch.com.

12. Upon information and belief, Defendant NiceNIC is a Hong Kong corporation with offices located at Room 52, 12/F, Block B, Wing Chai Industrial Building, 27-29 Ng Fong Street, San Po Kong, Hong Kong and available for contact through various email addresses, including "abuse@nicenic.net."

13. Defendant NiceNIC is a registrar of domain names, including the domain names hijacked from Oath Research and Grant and transferred by Defendant John Doe.

14. Upon information and belief, Defendant VeriSign is a Delaware corporation with principal offices at 12061 Bluemont Way, Reston, Virginia 20190. VeriSign is a registry of domains for the internet.

15. VeriSign nominated CT Corporation as its registered agent in Virginia with an address at 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060-6808.

16. Defendant John Doe is an individual or entity that accessed computer systems holding the oathresearch.com domain without authorization for the purpose of infiltrating and stealing Plaintiffs' Domain.

17. Upon information and belief, John Doe has contacts with the countries of Tajikistan, Uzbekistan, and Brazil. No other address information is known.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 in that this is a Federal question under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

19. This Court has *in rem* jurisdiction over the oathresearch.com domain name under 15 U.S.C. § 1125(d)(2)(A)(ii).

20. This Court has personal jurisdiction over Defendant NiceNIC because, upon information and belief, NiceNIC does substantial business in this district, including the registration of domain names and interaction with Defendant VeriSign, a resident of this district.

21. This Court has personal jurisdiction over Defendant VeriSign because it resides in the district and does substantial business within the district.

22. The Court has personal jurisdiction over John Doe because Doe purposely availed themselves of computer systems within the district with the intent of causing harm in the district and hijacking Plaintiffs' Domain and using Plaintiffs' marks.

23. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because VeriSign is a resident of this district, because NiceNIC is a foreign corporation not resident in the United States, because Defendant John Doe, upon information and belief, is foreign, and

because some or all of the facts giving rise to the claims alleged herein occurred in this judicial district.

**FACTS**

24. Oath Research is the longstanding registrant and operator of the Domain Name, which supports its flagship commercial platform, oathresearch.com, which alone processes in excess of $70,000 in daily commercial revenue from its research chemicals business.

25. Grant is an owner of Oath Research and the owner with Oath Research of the rights to the OATH and oathresearch trademarks as well as the oathresearch.com domain name.

26. On August 28, 2026, Plaintiffs lost control of the oathresearch.com domain through the actions, upon information and belief, of Defendant John Doe.

27. Upon information and belief, after hijacking the oathresearch.com domain, Defendant Doe transferred the Domain to Defendant NiceNIC.

28. Upon information and belief, at the direction of Defendant Doe, Defendant NiceNIC transferred oathresearch.com's nameserver to a server not controlled by Plaintiffs. Prior to August 28, 2026, the nameservers for oathresearch.com were JEAN.NS.CLOUDFLARE.COM and JOSH.NS.CLOUDFLARE.COM.

29. Upon information and belief, oathresearch.com is currently not operational.

30. Upon information and belief, for at least a period of several hours on September 2, 2026, the WHOIS for oathresearch.com indicated the nameserver for the Domain at CLOUDNS, and Defendant Doe controls that account at CLOUDNS.

31. Plaintiffs have informed NiceNIC and VeriSign of the hijacking of oathresearch.com and appealed to each entity to restore Plaintiffs to their rightful control of oathresearch.com. To date, Plaintiffs do not have those rights.

32. On September 2, 2026, Plaintiffs' counsel notified NiceNIC of the unauthorized transfers, opened as Ticket No. 743320. NiceNIC responded on September 3, 2026, that it had escalated the matter for review, was investigating and preserving the relevant records, but that it could not restore Plaintiffs' control over the Domain without a court order. NiceNIC further requested a file-stamped copy of this Complaint and any TRO or injunction to support its review.

**COUNT I**
**Violation of the Anticybersquatting Consumer Protection Act**
**15 U.S.C. § 1125(d)**
*(Against Defendants oathresearch.com and John Doe)*

33. Plaintiffs hereby repeat and incorporate the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Oath Research owns a pending request for federal registration as well as common-law trademark and trade-name rights in marks identical or confusingly similar to the Domain, including OATH as it relates to research-use-only chemicals and peptides, as well as the string oathresearch as it is found within oathresearch.com, both of which Oath Research has used in commerce in connection with its business well before John Does' unauthorized August 28, 2026 registrant changes. The use of OATH on such products is not only inherently distinctive, but Oath Research's customers have come to understand the term OATH as being associated with Plaintiffs' business.

35. oathresearch.com, like all .com domains, is maintained by the registry VeriSign within this District.

36. John Does' use of the Domain violates the rights of Plaintiffs under 15 U.S.C. § 1125(a), as it is likely to cause confusion in the marketplace as to the source of goods or services available on the Domain, and thus in turn violates Plaintiffs' rights within the meaning of 15 U.S.C. § 1125(d)(2)(i).

37. Plaintiffs have and will continue to suffer economic and reputational harm as a result of the John Does' acts unless and until proper ownership and registration of the Domain is Ordered by this Court.

38. The identity of the John Does is unknown. All current and past registrars and the registry VeriSign have been notified of these issues by email and will be provided notice of this Action by email promptly after it has been filed, thus advising them that Plaintiffs are proceeding under the *in rem* provision of the cyberpiracy prevention provision of the Lanham Act.

## DEMAND FOR JURY TRIAL

Oath Research and Grant respectfully demand a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff OATH RESEARCH, LLC and Plaintiff STACEY JON GRANT respectfully pray for the following relief against Defendants, as follows:

(a) Enter an Order finding that Defendant John Doe has violated the Anticybersquatting Consumer Protection Act. 15 U.S.C. § 1125(d);

(b) Enter a permanent injunction (i) directing Defendants to restore Plaintiffs as the registrant of record for oathresearch.com via a registrar of Plaintiffs' choosing and to take no further action to transfer, modify, or encumber the Domain; and (ii) preventing Defendants from taking any additional action regarding the Domain other than as specifically authorized by Plaintiffs or the Court; and (iii) restoring the Domain to Plaintiffs' chosen nameservers, JOSH.NS.CLOUDFLARE.COM and JEAN.NS.CLOUDFLARE.COM; and

(c) Enter an order requiring Defendants to prevent any further transfer of the Domain without authorization from Plaintiffs;

(d) Enter an order permanently enjoying Defendants form transferring, modifying, or otherwise interfering with Plaintiffs' ownership or control of the Domain absent further order of this Court;

(e) Enter judgment against John Doe for compensatory damages, Defendant John Doe's profits, and/or statutory damages under 15 U.S.C. § 1117(d) of up to $100,000 per Domain, together with pre- and post-judgment interest;

(f) Enter an order directing an accounting and judgment be rendered against Defendant John Doe for any and all damages, including lost profits, a disgorgement of profits, and any other remedy appropriate for this matter; and

(g) Any other relief that the Court finds warranted and just.

Dated: September 3, 2026

Respectfully submitted,

By: /s/ Erin M. Dunston

**PANITCH SCHWARZE BELISARIO & NADEL LLP**
Erin M. Dunston, Esq. (VA Bar No. 44,842)
525 Montgomery Street, Apartment 633
Alexandria, Virginia 22314
Tel: 703-774-4552
Fax: 215-965-1331
E-mail: edunston@panitchlaw.com

Philip L. Hirschhorn, Esq. (*pro hac* pending)
Keith A. Jones, Esq. (*pro hac* pending)
Ikenna Ejimonyeugwo, Esq. (*pro hac* pending)
One Commerce Square
2005 Market Street, Suite 3325
Philadelphia, Pennsylvania 19103

Tel: 215-965-1330
Fax: 215-965-1331
E-mail: phirschhorn@panitchlaw.com
kjones@panitchlaw.com
iejimonyeugwo@panitchlaw.com

**Attorneys for Plaintiffs**
**Oath Research, LLC and Stacey Jon Grant**